UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:09-cr-003-WTL-CMM-01 |
| | ) | |
| DAVID B. HEARNE, | ) | |
| Defendant. | ) | |

## ENTRY AND ORDER

This cause came before the Court on August 4, 2009, to determine whether the Defendant is competent to stand trial. Court Reporter was Jean Knepley. Prior to the hearing, the Court and counsel for the parties were provided with the forensic report of Michelle Gaines, M.A., Psychology Intern, and Christina A. Pietz, Ph.D., ABPP, forensic psychologist at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri. The report was admitted at the hearing and considered by the Court. The hearing was conducted in compliance with 18 U.S.C. § 4247(d) and the parties offered no additional evidence, although the Defendant was permitted to address the Court.

The Court also addressed the reason for conducting the hearing via video conference with the Defendant and the Defendant's confrontation rights provided by the Sixth Amendment and § 4247(d). In regard to the Defendant's confrontation rights, it is unclear what the full extent of those rights is. Nonetheless, pursuant to the guidance provided by the Seventh Circuit in *United States v. Hamilton*, 107 F.3d 499 (7th Cir. 1997), the Court assumed that the Defendant was entitled to the full panoply of rights guaranteed by the Sixth Amendment. Following a brief colloquy with the Defendant, the Court concluded that those rights, particularly the requirement of a face-to-face confrontation, were not violated by having the Defendant appear via video conference because the

Defendant could see and hear all aspects of the hearing and the Court and counsel could see and hear the Defendant, thereby ensuring that the demeanor, possible nervousness, expressions, and other body language of the Defendant and any potential witnesses could be observed.  Moreover, video conferencing was done by agreement of counsel for both parties and was necessary due to certain issues involved with transporting the Defendant from Henderson, Kentucky.

Based upon the forensic report and the statements of counsel, the Court found by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.

**IT IS THEREFORE ORDERED THAT:**

Pursuant to 18 U.S.C. §§ 4241(d) and (e), the Defendant is committed to the custody of the Attorney General.  The Attorney General is ordered to hospitalize the Defendant for treatment in a suitable facility --

(1)     for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward; and

(2)     for an additional reasonable period of time until --

(a)     his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(b)     the pending charges against him are disposed according to law;

whichever is earlier.

2

If at the end of the time period specified, it is determined that the Defendant's mental condition has not so improved as to permit proceedings to go forward, the Defendant is subject to the provisions of 18 U.S.C. § 4246.

If the director of the facility to which the Defendant is hospitalized, pursuant to 18 U.S.C. § 4241(d), determines that the Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the Clerk of the Court for the United States District Court for the Southern District of Indiana. The Clerk shall then send a copy of the certificate to the attorney for the Defendant and to the attorney for the Government, and the matter shall be set for a hearing pursuant to 18 U.S.C. § 4247(d).

The period of commitment from the date of this Entry and Order shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED:** 08/04/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

James Warden, Assistant U.S. Attorney
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov

James C. McKinley
INDIANA FEDERAL COMMUNITY DEFENDERS
jim.mckinley@fd.org

United States Marshals Service

United States Probation Office

3